IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFREY D. SALLEE,

    Plaintiff,

vs.                                                                Civ. No. 99-793 MV/WWD

BOARD OF COUNTY COMMISSIONERS OF
VALENCIA COUNTY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's First Motion to Compel filed January 25, 2000 [docket no. 28]. Plaintiff seeks full and complete responses to interrogatory 14, request for production 6, and request for admission 14 from his First Set of Interrogatories and Requests for Production of Documents.

Interrogatory 14.

    Interrogatory 14 reads as follows:

> Please identify any and all persons interviewed or contacted by you or on your behalf in connection with this action and any witnesses, including expert witnesses, you may call at trial.

    Defendants object that the sought information is protected by the work product doctrine.

    The objection is not well taken and will be overruled. I read "identify" in the interrogatory to mean the name, address and telephone number of the person whose identity is sought. This is consistent with the requirements set in Fed. R. Civ. P.26(a)(1)(A). The interrogatory shall be answered on or before February 15, 2000.

Request for Production 6.

    Request for Production 6 reads as follows:

> Please produce copies of all tort claims letters, complaints or other writings received by you from or on behalf of jail inmates in 1997.

Defendants object "on the grounds that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence." Defendants also object to the "complaints and other writings" portion of the request as being unduly burdensome. The objection with respect to relevance is overruled and the materials sought should be produced. The objection as to production of "complaints" being overly burdensome is overruled. I will not hamstring legitimate discovery requests because the governmental entity involved keeps its records in such a way as to make reasonably anticipated production difficult. The objection with respect to "other writings" is sustained. The materials on which the objections have been overruled shall be produced to Plaintiff on or before February 18, 2000.

Request for Admission 14.

Request for Admission 14 reads as follows:

> Mr. Sallee was acquitted of all criminal charges for which he was detained in VCDC in 1997.

Defendants assert that they can neither admit or deny the authenticity of the request. No showing of "reasonable inquiry" as to the truth or falsity of the request is made by Defendants. The request will be deemed admitted. If Defendants wish to make reasonable inquiry as to the request and then to deny it, they may do so within twenty days of the entry of this order.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE